LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN HUERTA, an individual,<br><br>          Plaintiff,<br><br>  vs.<br><br>HIGHMARK, INC., dba HIGHMARK BLUE SHIELD; and DOES 1-10, inclusive;<br><br>          Defendants. | Case No. CV22-01497<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1.  MARTIN HUERTA ("Plaintiff") complains and alleges:

**INTRODUCTORY ALLEGATIONS**

2.  This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3.  Venue is properly within the Central District of California pursuant to

**Complaint**

1. 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because the breach took place within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of health insurance benefits under a group health insurance plan ("the Plan") established by Plaintiff's employer Solar Atmospheres under which Plaintiff was insured by Defendant Highmark, Inc., dba Highmark Blue Shield ("Highmark"). The insurance plan group number is HMRK001. Plaintiff is a plan participant by virtue of his employment. Highmark is the administrator and insurer of the Plan.

5. Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous, and illegal denial of health benefits owed to Plaintiff, as a participant and beneficiary of the Plan.

6. At all relevant times, the Plan was an employee welfare benefit plan that provided Plaintiff with PPO health insurance coverage. The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established for the purpose of providing peace of mind and security to its participants.

**THE PARTIES AND THEIR RELATIONSHIPS**

7. Plaintiff is, and at all times herein mentioned was, a resident and citizen of the County of San Bernardino, State of California.

8. Plaintiff is informed and believes, and thereon alleges, that Highmark is an insurance company domiciled in the State of Pennsylvania that is authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California.

9. Solar Atmospheres is Plaintiff's employer and the sponsor of the Plan.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, are unknown

1  to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff
2  is informed and believes and thereon alleges that each of Defendants designated
3  herein as a Doe is legally responsible in some manner for the events and
4  happenings referred to herein and legally caused injury and damages proximately
5  to Plaintiff.  Plaintiff will seek leave of this Court to amend this Complaint to
6  insert their true names and capacities in place of and instead of the fictitious names
7  when they become known to Plaintiff.

8        11.    Defendants' conduct described herein was undertaken by the
9  corporate Defendants' officers and managing agents, identified herein as Does 1
10 through 10, who were and are responsible for claims supervision and operations,
11 underwriting, communications, and decision making.  The aforesaid conduct of
12 these managing agents and individuals was therefore undertaken on behalf of
13 Defendants.  Defendants had advance knowledge of the actions and conduct of
14 these individuals whose actions and conduct were ratified, authorized, and
15 approved by managing agents whose precise identities are unknown to Plaintiff at
16 this time and are therefore identified and designated herein as Does 1 through 10,
17 inclusive.

18       12.    At all times herein mentioned, unless otherwise specified, Defendants
19 and Does 1 through 10 were the agents and employees of each other, and were at
20 all times acting within the purpose and scope of said agency and employment, and
21 each such Defendant has ratified and approved the acts of his agent.

22

23 **FACTUAL BACKGROUND**

24       13.    Highmark issued a PPO health insurance policy as part of the Plan
25 that promises to provide payment for medical expenses incurred by plan
26 participants, subject to terms and conditions set forth in the Plan documents.  The
27 Plan has a $75.00 deductible for emergency care, which is waived if the participant
28 is admitted to the ER.

14. Plaintiff has been at all relevant times herein a participant and beneficiary in the Plan.

15. All of the medical expenses incurred that are at issue in this action were covered and medically necessary under the terms of the Plan and applicable law.

16. Plaintiff is an eligible participant under the Plan.

17. On or about May 24, 2021, Plaintiff was involved in a serious motorcycle accident when he was struck by a car. He severely injured his left knee, in addition to other injuries. He was rushed by ambulance to the trauma center at Arrowhead Medical Center.

18. The paramedics told the hospital that Plaintiff was stationary on his motorcycle when a car struck him while traveling between 45-50 miles per hour.

19. Plaintiff was admitted and immediately rushed into the CT machine to perform scans and determine the extent of his injuries. The attending physician wrote, "Critical care time necessary for rapid evaluation and stabilization of critically ill patient requiring multiple interventions to prevent further deterioration."

20. Plaintiff underwent emergency left knee surgery by James Matiko, M.D.

21. Plaintiff incurred in excess of $85,000 in medical bills.

22. On or about May 27, 2021, Highmark refused to make any payment on the claim. Highmark argued that the care was not medically necessary.

23. Plaintiff timely appealed under the terms of the Plan.

24. On or about December 21, 2021, Highmark rejected the appeal and continued to refuse to make any payment.

25. Defendants refused to make any payment on the claim.

**Complaint**

## FIRST CAUSE OF ACTION

## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

26. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

27. Highmark issued a PPO health insurance policy as part of the Plan that promises to provide payment for medical expenses incurred by plan participants, subject to terms and conditions set forth in the Plan documents. The Plan has a $75.00 deductible for emergency care, which is waived if the participant is admitted to the ER.

28. Plaintiff has been at all relevant times herein a participant and beneficiary in the Plan.

29. All of the medical expenses incurred that are at issue in this action were covered and medically necessary under the terms of the Plan and applicable law.

30. Plaintiff is an eligible participant under the Plan.

31. On or about May 24, 2021, Plaintiff was involved in a serious motorcycle accident when he was struck by a car. He severely injured his left knee, in addition to other injuries. He was rushed by ambulance to the trauma center at Arrowhead Medical Center.

32. The paramedics told the hospital that Plaintiff was stationary on his motorcycle when a car struck him while traveling between 45-50 miles per hour.

33. Plaintiff was admitted and immediately rushed into the CT machine to perform scans and determine the extent of his injuries. The attending physician wrote, "Critical care time necessary for rapid evaluation and stabilization of critically ill patient requiring multiple interventions to prevent further deterioration."

34. Plaintiff underwent emergency left knee surgery by James Matiko,

M.D.

35. Plaintiff incurred in excess of $85,000 in medical bills.

36. On or about May 27, 2021, Highmark refused to make any payment on the claim. Highmark argued that the care was not medically necessary.

37. Plaintiff timely appealed under the terms of the Plan.

38. On or about December 21, 2021, Highmark rejected the appeal and continued to refuse to make any payment.

39. Defendants refused to make any payment on the claim.

40. The treatment at issue that was denied took place within the jurisdiction of the above-entitled Court.

41. The Plan calls for performance within the jurisdiction of the above-entitled Court.

42. Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendants have denied.

43. Defendants' denial was without just cause.

44. As a direct and proximate result of Defendants' refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the Plan and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a participant of the Plan, in the amount of the total of the medical bills incurred by Plaintiff plus interest and costs;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For any penalties due under ERISA;

4. For pre-judgment and post-judgment interest at the appropriate rate; and

5. For such other relief as the Court deems appropriate.

Dated: August 25, 2022      LAW OFFICES OF CHRISTIAN J. GARRIS

By: _____
      Christian J. Garris, Esq.

Attorneys for Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

**Complaint**